**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:22CV-P158-JHM**

**JEREMY M. BARTLETT**　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**

**JASON WOOSLEY**　　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeremy M. Bartlett filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The amended complaint (DN 13)[1] is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed for further development.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was a pretrial federal detainee at Grayson County Detention Center (GCDC) at the time pertinent to the events. In the amended complaint, he sues GCDC Jailer Jason Woosley; Dr. John Doe indicating "(name currently unknown)" and identifying him as a doctor at GCDC; Gary Doe indicating "(last name unknown)" and identifying him as a nurse at GCDC; Kim Doe also indicating "(last name unknown)" and identifying her as a law librarian at GCDC; Chris Doe also indicating "(last name unknown)" and identifying him as a law librarian at GCDC. He sues each Defendant in his or her individual and official capacities.

As his first claim, Plaintiff alleges that his Sixth, Eighth, and Fourteenth Amendment rights were violated "by the deliberate indifference of the Jailer Jason Woosley and his employees." He states that when he arrived at GCDC, he "was placed in a cell built for holding 15 inmates, that

---

[1] By prior Order (DN 11), the Court ordered Plaintiff to file an amended complaint which would supersede the original complaint.

was in fact housing 21. Then I was forced to sleep in the middle of the day room floor for the next 6 months." He states, "This issue has been repeatedly brought to the attention to Mr. Woosley and his staff; Mr. Woosley clearly does not care; the result of his deliberate indifference to these issues have been acts of violence on inmate to inmate attacks due to lack of living space and bed space." He also states that "there are no camera's in the cells, so this also further endangers inmates, I have had to defend myself on several ocassion's due to living conditions, I have even had my friend . . . sit here and die from sleeping on the floor and negligence of Mr. Woosley and his staff." Plaintiff asserts that Defendant Woosley "failed to provide safe prison conditions due to his deliberate indifference to these issues, wich is very awhere of . . . ." Plaintiff continues, "Therefore I am making claims that Mr. Woosley's direct orders, direct actions, direct involvement, and deliberate indifference violated my 6th, 8th, and 14th constitutional rights."

As his second claim, Plaintiff alleges violations of his Sixth and Fourteenth Amendment rights. He states that while at GCDC he was not able to "access parts of my discovery due to the incompatability of the computer system in the law library; also this facility refuses to let me have my discovery on paper." He also asserts that "the materials in the law library are all out-dated they have no Nexas Lexas, or any type of up to date books or systems." Plaintiff also maintains that he has "had lawyer visits denied, canceled or turned off" and that this "has hindered my being able to help prepare for trial." In connection with this claim, Plaintiff states that Defendants Woosley, Kim Doe, and Chris Doe refused "to provide adiquate resources and equipment; eg computers that read discovery disks and flash drives . . . ."

Third, Plaintiff alleges that he has been "denied adiquate medical attention. I have hepititis C, since I have been here I have not received any kind of medical attention for this potentially fatal disease, it has been totally ignored, yet I have made staff fully awhere of it." He also states that

"when I came here I had a bullet in my left thigh, it has caused me pain and suffering since being here. I had informed the staff that it was coming out and getting infected, over a process of the last year it has ripped out on its own. It was completely ignored by the medical staff." Plaintiff asserts, "The failure of defendants, Dr. John Doe, and Nurse Gary Doe, to provide for the removal of a bullet in the plaintiffs left thigh, and the care and treatment of the plaintiff Hep-C, constitutes deliberate indifference to the plaintiff's serious medical needs . . . ." He also alleges a state-law negligence claim against these Defendants.

As his fourth claim, Plaintiff states as follows:

> Social distancing; covid-19, overcrowding, classification, covid-19 procedures, since being detained at [GCDC] I have been exposed to covid-19, this facility does not practice any kind of covid-19 protocols, they do not classify people, or quarantine people, they just stick them wherever there is a space on the floor. Jason Woosley is clearly dilibratly indifferent to the safety, health, and well being to the inmate population at [GCDC]. My life and my health have been in jeopardy due to his actions.

Plaintiff alleges this violates the Eighth and Fourteenth Amendments.[2]

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of an order to "change living conditions at [GCDC]" and to "update covid-19 protocols [and] update medical screening."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

---

[2] Plaintiff also states, "These are only a few examples of the violations of my rights . . . ." Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Therefore, the Court can only consider the claims set forth in the complaint.

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *1. Overcrowding*

The Court construes Plaintiff's allegations that he was placed in an overcrowded cell and forced to sleep on the floor for six months as asserting a claim for violation of the Fourteenth Amendment, which applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). Because Plaintiff was a pretrial detainee at the time of the alleged events, the Fourteenth Amendment, rather than the Eighth Amendment,

4

applies to his claim, and Plaintiff's Eighth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

A Fourteenth Amendment conditions-of-confinement claim has two prongs. To satisfy the first objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong under the Fourteenth Amendment, a plaintiff must show that defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836)

The Court need only address the first prong with regard to this claim. Contemporary standards of decency determine whether conditions of confinement meet this standard. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). Plaintiff's allegation that he was housed in an overcrowded cell and required to sleep on the floor is not a deprivation of the minimal civilized measure of life's necessities. *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing inmates to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th

Cir. 2002) ("We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Edwards v. Warren Cnty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 U.S. Dist. LEXIS 6355, at *9 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed").

To the extent Plaintiff alleges that the overcrowded conditions caused inmate violence and that he had to defend himself on several occasions, he does not allege that he suffered any harm. *See, e.g.*, *Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need . . . an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)); *Sander v. Duchak*, No. 3:18-cv-102, 2018 U.S. Dist. LEXIS 157706, at *12 (S.D. Ohio Sept. 17, 2018) (holding allegation that overcrowding at jail caused unsafe and dangerous environment "to the point that there are numorous [sic] physical altercations, assaults, and rapid acts of violence" failed state to a claim because the plaintiff did not allege "that any of the potential dangers he identified actually caused him any harm") (citing *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003)). Moreover, while Plaintiff alleges that another inmate died "from sleeping on the floor," he does not explain what caused the inmate's death. But Plaintiff cannot assert a claim on behalf of the other inmate in any event. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause).

Accordingly, Plaintiff's Fourteenth Amendment claim based on alleged overcrowding must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also alleges a violation of the Sixth Amendment in connection with this claim. The Sixth Amendment provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been

> committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. The Court can discern no violation of the Sixth Amendment in connection with Plaintiff's claim related to overcrowding. Therefore, his claim under the Sixth Amendment will also be dismissed for failure to state a claim.

### *2. Denial of access to courts and to attorney*

The Court construes Plaintiff's allegations concerning the law library and lack of legal resources as alleging denial of access to the courts. While Plaintiff alleges a violation of the Fourteenth Amendment, prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Therefore, Plaintiff's Fourteenth Amendment claim in connection with these allegations must be dismissed for failure to state a claim.

Meaningful access to the court under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, Plaintiff must plead actual injury, and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or

the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff alleges no actual any injury to his criminal defense or any past or pending litigation due to the alleged lack of access to legal resources at GCDC. Therefore, Plaintiff's access-to-courts claim must be dismissed for failure to state a claim.

With regard to Plaintiff's allegations that he has "had lawyer visits denied, canceled or turned off" and that this "has hindered my being able to help prepare for trial[,]" the Court construes this as a claim under the Sixth Amendment. However, Plaintiff has failed to state a claim because he has not alleged that he did not have other, adequate, alternative means of communicating with his attorney, such as through letters or phone calls. *See Jackson v. Coyn*, No. 3:17-cv-P61-DJH, 2017 U.S. Dist. LEXIS 83630, at *9-10 (W.D. Ky. June 1, 2017) (no constitutional violation based on telephone restrictions where plaintiff did not allege that he was not allowed to contact his lawyer by other methods, such as letters and visits); *Thompson v. Causey*, No. 1:17-cv-P12-GNS, 2017 U.S. Dist. LEXIS 58656, at *3 (W.D. Ky. Apr. 8, 2017) (same); *Stamper v. Campbell Cnty.*, No. 2007-49 (WOB), 2009 U.S. Dist. LEXIS 63958 (E.D. Ky. July 24, 2009) (same); *Saunders v. Dickerson*, No. 1:07cv1094 (LMB/BRP), 2008 U.S. Dist. LEXIS 48727, 2008 WL 2543428, at *10 (E.D. Va. June 25, 2008) (pretrial detainee's claim failed "because there is no suggestion from the complaint that plaintiff was unable to contact his attorney and family to prepare for his criminal case by means other than the telephone" and detainee did not show that alleged denial of access resulted in unfair prejudice).

Therefore, Plaintiff's claim based on limitation on his access to his attorney must also be dismissed for failure to state a claim.

### *3. Denial of medical treatment*

Plaintiff alleges that he was denied treatment for Hepatitis-C and for a bullet wound. Upon review, the Court will allow Plaintiff's claims for deliberate indifference to his serious medical needs under the Fourteenth Amendment and for negligence to proceed against Defendants Dr. John Doe and Gary Doe in their individual capacities.

Plaintiff's official-capacity claims, however, must be dismissed. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Dr. John Doe and Gary Doe are actually brought against their employer, Grayson County.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality

under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that Defendants denied him medical treatment based on a policy or custom of Grayson County.[3] Accordingly, Plaintiff's official-capacity claims against Defendants Dr. John Doe and Gary Doe must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff's claim for injunctive relief must also be dismissed because he is no longer incarcerated at GCDC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred).

### *4. Exposure to COVID-19*

Plaintiff alleges that GCDC employees did not follow COVID-19 protocols or quarantine inmates and that he was exposed to COVID-19 in violation of the Eighth and Fourteenth Amendments. As stated above, because Plaintiff was a pretrial detainee, the Eighth Amendment does not apply to his allegations, and his Eighth Amendment claim will be dismissed for failure to state a claim.

The Court construes Plaintiff's allegations as a Fourteenth Amendment conditions-of-confinement claim. However, "[t]o the extent [Plaintiff] claims his constitutional rights were violated merely by having been exposed to the [COVID-19] virus, or by having been at an increased risk of exposure to the virus, the allegation is insufficient because exposure alone (or

---

[3] To the extent that these Defendants are in fact employees of a private entity which was contracted to provide medical services to inmates at GCDC, the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Plaintiff does not allege that Defendants denied him treatment pursuant to a policy or custom of a private corporation, and the official-capacity claim would still be dismissed.

10

increased risk of exposure) does not establish a constitutional violation." *Vega v. Aviles*, No. 23-651, 2023 U.S. Dist. LEXIS 32912, at *10 (D.N.J. Feb. 28. 2023) (dismissing pretrial detainee's claim based on exposure to COVID-19 upon initial review under § 1915A) (citing *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020)); *see also Zuber v. Sorber*, No. 22-CV-3661, 2023 U.S. Dist. LEXIS 71593, at *11 (E.D. Penn. Apr. 20, 2023) (dismissing upon initial review inmate's claims based on prison's failure to follow COVID-19 protocols and to quarantine inmates); *Bennett v. Aviles*, No. 22-7003, 2022 U.S. Dist. LEXIS 231071, at *8 (D.N.J. Dec. 23, 2022) ("Millions, of course, have contracted COVID both inside and outside of prison walls. Exposure alone does not establish that prison officials committed a constitutional violation."); *Johnnies v. Winkleski*, No. 22-cv-139-wmc, 2022 U.S. Dist. LEXIS 203974, at *4 (W.D. Wis. Nov. 9, 2022) (dismissing upon initial review plaintiff's claim seeking "damages for the risk and anxiety of having to stay in the same cell as a COVID-positive inmate" because he did "not allege that he was actually harmed from those conditions") (citing *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020)).

Plaintiff alleges that he was exposed to COVID-19; he does not allege that he contracted it or suffered harm because of his exposure. Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Plaintiff's claims based on overcrowding; denial of access to the courts and to his attorney; and exposure to COVID-19 and his claim for injunctive

relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendants Dr. John Doe and Gary Doe based on denial of medical treatment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED to terminate** Defendants Woosley, Kim Doe, and Chris Doe as Defendants in the docket sheet.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:  June 29, 2023

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc:  Plaintiff, *pro se*
     Defendant Gary Doe
     Grayson County Attorney
4414.010